**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **DON KING PRODUCTIONS, INC.,**<br>    **Plaintiff**<br><br>    **v.**<br><br>**EL IMAN DE TONY, et al.,**<br>    **Defendants** | **Civil No. 05-1178(JAG)** |

**MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION
FOR ENTRY OF DEFAULT JUDGMENT**

**I.    Procedural Background**

The Court referred the pending Motion for Default Judgment as to defendants "Galloway's Bar & Restaurant", "Gladys Carlo", individually, and the Conjugal Partnership of Doe-Carlo; "Restaurante Brisas del Mar", Héctor Torres, individually, and the Conjugal Partnership of Torres-Doe; "El Bambuco" a/k/a Colmado El Bambuco, Jossie Pérez-Pérez individually, and the Conjugal Partnership of Doe-Pérez-Pérez; "Vitrina del Mar" a/k/a El Mamellitos Place, Omar Pérez-Rivera, individually, and the Conjugal Partnership of Pérez-Doe; "Raizzette's Café" a/k/a Raíces Café, Blanca Sepúlveda, individually, and the Conjugal Partnership of Doe-Sepúlveda; and "El Caterpilar", Julio Rodríguez, individually, and the Conjugal Partnership of Rodríguez-Doe. *See Docket Nos. 57, 58.*

The record reflects that following the filing of a motion requesting entry of default, the Clerk of Court docketed Entries of Default on August 31, 2005, as to defendants Raizzette's Café a/k/a Raíces Café, Blanca Sepúlveda, individually, and the Conjugal Partnership of Doe-Sepúlveda; and El Caterpilar, Julio Rodríguez, individually, and the Conjugal Partnership of Rodríguez-Doe. (**Docket No. 49**). On October 3, 2005, entries of default were made as to defendants "Galloway's Bar & Restaurant", Gladys Carlo individually, and the Conjugal Partnership of Doe-Carlo; "Restaurante Brisas del Mar", Héctor Torres, individually, and the Conjugal Partnership of Torres-Doe; "El Bambuco"

Civil No. 05-1178(JAG) Page -2-

a/k/a Colmado El Bambuco, Jossie Pérez-Pérez, individually, and the Conjugal Partnership of Doe-Pérez-Pérez; "Vitrina del Mar" a/k/a El Mamellitos Place, Omar Pérez-Rivera, individually, and the Conjugal Partnership of Pérez-Doe; (**Docket No. 56**). Thereafter, Don King Productions, Inc. (hereafter "Don King") filed the pending motion for Default Judgment (**Docket No. 57).**

Don King requests that judgment be entered and the defendants, jointly and severally, pay the amount of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and that said amount be increased pursuant to § 605(e)(3)(C)(ii) to $100,000 or in any amount in the Court's discretion; for defendants willful actions which were geared to obtain commercial advantage or private gain. Plaintiff also seeks attorney's fees and costs.

## II.  Factual Background

The Complaint alleges violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 (**Docket Nos. 1, 19**). Don King was the producer and copyright holder of a closed circuit telecast on April 17 and 18, 2004, of a championship boxing match between **Chris Byrd versus Andrew Golota**, including undercard or preliminary bouts. The complaint alleges that the named defendants violated said Act when on April 17 and 18, 2004, they exhibited closed-circuit broadcast boxing matches that were not intended for the use and view of the general public, and that the defendants were not authorized to exhibit the same. The Complaint alleges that the defendants misappropriated Don King's licensed exhibition of the boxing matches and infringed upon its rights while avoiding proper payment to it. It is also alleged that the defendants' purpose and express intent and willfulness in committing said actions was to secure a financial gain and procure commercial advantage.

## III.  Analysis

### A.  Default Judgments

Fed.R.Civ.P. 55 governs the entry of default judgments in federal court. *See* Fed.R.Civ.P. 55. Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor. First, the party wishing to obtain a default judgment must apprise


Civil No. 05-1178(JAG)                                                                                           Page -3-

the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the Clerk of Court enter default on the docket. Fed.R.Civ.P. 55(a).  Second, following an entry of default by the Clerk, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2).

Fed.R.Civ.P. 55(a) authorizes a court to enter a default judgment against a party who has "failed to plead or otherwise defend" an action.  Default judgment may be entered by the Clerk "when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person."  Fed.R.Civ.P. 55(b)(1).  In all other cases the Court can enter judgment by default when the party entitled to a judgment by default applies for such remedy to the Court. Fed.R.Civ.P. 55(b)(2).  Rule 55 also provides that " in order to enable the court to enter judgment or to carry it into effect, it is necessary to consider or to determine the amount of damages or to establish the truth of any averment by evidence, or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States." *Id.*

Don King Productions, Inc. complied with the requisites of Rule 55 in that it first sought entry of default, and now requests default judgment and damages.  Having reviewed the record, the undersigned determines that default judgment is appropriate and **RECOMMENDS**, as requested by Don King;  the entry of Default Judgment as to the following defendants:  defendants "Galloway's Bar & Restaurant", Gladys Carlo, individually, and the Conjugal Partnership of Doe-Carlo; "Restaurante Brisas del Mar", Héctor Torres, individually, and the Conjugal Partnership of Torres-Doe; "El Bambuco" a/k/a Colmado El Bambuco, Jossie Pérez-Pérez, individually, and the Conjugal Partnership of Doe-Pérez-Pérez; "Vitrina del Mar" a/k/a El Mamellitos Place, Omar Pérez-Rivera, individually, and the Conjugal Partnership of Pérez-Doe; "Raizzette's Café" a/k/a Raíces

Civil No. 05-1178(JAG) Page -4-

Café, Blanca Sepúlveda, individually, and the Conjugal Partnership of Doe-Sepúlveda; and "El Caterpilar", Julio Rodríguez, individually, and the Conjugal Partnership of Rodríguez-Doe.

### B.     47 U.S.C. § 605

In conjunction with the motion for entry of default judgment Don King seeks damages pursuant to 47 U.S.C. § 605 of the Federal Communications Act of 1934, as amended. Don King alleges that the defaulted defendants, without authorization, exhibited a boxing event in their commercial establishments. Section 605 of the Act provides for civil penalties for the unauthorized publication or use of communications. In addition to statutory civil damages, § 605 also provides for the award of reasonable attorneys fees. More particularly, the statute sets forth that:

> (B) The court . . . (ii) may award damages as described in subparagraph (C); and (iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.
> (C)(i) Damages awarded by any court under this section shall be computed, at the <u>election of the aggrieved party</u>, in accordance with <u>either</u> of the following subclauses;
>     (I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.
> (ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.
> (iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

Civil No. 05-1178(JAG)                                                                                              Page -5-

47 U.S.C. § 607.

### C. Evidence on Record

"A party who defaults is taken to have conceded the truth of the factual allegations in the complaint". *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n. 3 (1st Cir. 1999), and the default of a defendant constitutes an admission of all facts well-pleaded in the complaint. *Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (In re The Home Restaurants, Inc.),* 285 F.3d 111, 114 (1st Cir. 2002). The record reflects that Don King submitted evidence in support of the fact that on April 17 and 18, 2004, the foregoing named defendants, without authorization, displayed the **Byrd vs. Golota** boxing match. The display was intended to promote financial gain by enhanced patrons participation. Evidence gathered by plaintiff's investigator, reveals that during the time alleged, he witnessed the copyrighted transmission being exhibited and gave specifics as to each commercial establishment as follows:

Galloway's Bar & Restaurant: contained two televisions, and at the time the boxing match was being presented, 18 persons were viewing the fight at the establishment) (**Docket No. 57** aff.);

Restaurante Brisas del Mar: contained two televisions, and at the time the boxing match was being presented, 20 persons were viewing the fight at the establishment) (**Docket No. 57** aff.);

El Bambuco a/k/a Colmado El Bambuco: contained one television screen, and at the time the boxing match was being presented, 18 persons were viewing the fight at the establishment) (**Docket No. 57** aff.);

Civil No. 05-1178(JAG)                                                                                                    Page -6-

<u>Vitrina del Mar a/k/a El Mamellitos Place</u>: contained one television, and at the time the boxing match was being presented, 12 persons were viewing the fight at the establishment) (**Docket No. 57** aff.);

<u>Raizzette's Café a/k/a Raíces Café</u>: contained one television, and at the time the boxing match was being presented, 10 persons were viewing the fight at the establishment) (**Docket No. 57** aff.); and

<u>El Caterpilar</u>: contained one television, and at the time the boxing match was being presented, 15 persons were viewing the fight at the establishment) (**Docket No. 57** aff.).

None of the aforementioned defaulted defendants had a license to show the fight in the manner they did.

**D.    Damages**

Don King seeks to recover statutory damages against each defendant under 47 U.S.C. §§ 605(e)(3)(C). The statute provides that for "each violation" of 47 U.S.C. §§ 605(a), a court may award the aggrieved party a statutory damage award of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. §§ 605(e)(3)(C)(i)(II). Don King seeks the maximum statutory damages of $10,000, based upon the defendants' unauthorized exhibition of the boxing event to their patrons.

The undersigned finds no need for an evidentiary hearing inasmuch as, the amount of damages may be ascertained from the documentary evidence and affidavits submitted by Don King.

Having examined the pleadings and affidavits on record, evidence which remains unrebutted, it is determined that the plaintiff provided justification for an award of the

Civil No. 05-1178(JAG) Page -7-

maximum statutory amount of $10,000, per violation. Therefore, it is **RECOMMENDED** that Don King be awarded $10,000 as statutory damages.

Don King also seeks damages contending that the violation of the defendants was "willful". It must be considered that section 605(e)(3)(C)(ii) provides that a court may increase statutory damages by an amount of not less than $10,000 or not more than $100,000 for each violation, if the violation was committed willfully and for purpose of direct or indirect commercial advantage or private financial gain. Don King asserts that the court may infer willfulness from defendant's failure to defend itself. *Century ML-Cable Corp. v. Díaz*, 39 F.Supp.2d 121 (D.P.R. 1999). Don King also requests the Court to impose damages under this section. Plaintiff's motion is somewhat confusing because in one portion of the motion plaintiff appears to ask for $90,000 on damages for a willful violation (i.e. that the statutory amount of $10,000 "be increased . . . to $100,000") (**Docket No. 57**, p. 2). Don King then goes on to ask for a total amount of $110,000 to be awarded[1] jointly and severally against the defendants. The $110,000 amount includes amounts for attorneys' fees and costs. In seeking "willful" damages Don King refers the Court to the number of patrons in the business establishment, the number of televisions or screens in the establishment and the fact that the defendants did not have a license to show the fight in the manner they did. Don King requests judgment be entered against the defaulted defendants jointly and severally.

Don King has provided evidence to support its assertion that the violation was

---

[1] Were the amount of statutory damages to be increased from $10,000 to $100,000, the total amount would amount to $100,000 as to each set of defendants. The $110,000 amount sought as to each set of defendants includes a request for attorney's fees in the amount of $2,400 and costs and filing fees totaling $440.

Civil No. 05-1178(JAG) Page -8-

willfully committed, justifying thus, a claim of willful damages.  The affidavits refer to the number of televisions in the commercial establishment and the number of patrons inside the establishment at the time that the plaintiff's investigator was present.  More so, it remains an uncontested fact that the defendants did not obtain a license to show the fight or boxing match in their business establishment. As discussed above, the statute provides for statutory damages for each violation.  The undersigned determines that "each violation" does not equate "each defendant", but rather refers to the unauthorized broadcast and violation in each establishment.

Based upon the foregoing, it is **RECOMMENDED** that Don King Productions, Inc.'s, request for damages be **GRANTED**, but not to the extent requested, and that the defendants, be ordered as follows:

Galloway's Bar & Restaurant, Gladys Carlo individually, and the Conjugal Partnership of Doe-Carlo, jointly and severally, pay $10,000 in statutory damages and $40,000 in damages for said violation being one "willful and geared to obtain private gain";

Restaurante Brisas del Mar, Héctor Torres individually, and the Conjugal Partnership of Torres-Doe, jointly and severally, pay $10,000 in statutory damages and $40,000 in damages for said violation being one "willful and geared to obtain private gain";

El Bambuco a/k/a Colmado El Bambuco, Jossie Pérez-Pérez individually, and the Conjugal Partnership of Doe-Pérez-Pérez, jointly and severally, pay $10,000 in statutory damages and $40,000 in damages for said violation being one "willful and geared to obtain private gain";

Civil No. 05-1178(JAG) Page -9-

<u>Vitrina del Mar a/k/a El Mamellitos Place</u>, Omar Pérez-Rivera individually, and the Conjugal Partnership of Pérez-Doe, jointly and severally, pay $10,000 in statutory damages and $40,000 in damages for said violation being one "willful and geared to obtain private gain";

<u>Raizzette's Café a/k/a Raíces Café</u>, Blanca Sepúlveda, individually, and the Conjugal Partnership of Doe-Sepúlveda, jointly and severally, pay $10,000 in statutory damages and $40,000 in damages for said violation being one "willful and geared to obtain private gain"; and

<u>El Caterpilar</u>, Julio Rodríguez, individually, and the Conjugal Partnership of Rodríguez-Doe, jointly and severally, pay $10,000 in statutory damages and $40,000 in damages for said violation being one "willful and geared to obtain private gain".

**E.    Attorneys' Fees and Costs**

Don King also seeks attorneys' fees and costs. In support, Don King provided an affidavit, and it certified that the total legal fees incurred in connection with <u>each</u> set of defendants amounts to $2,400. It also certified that the cost incurred as to each set of defendants totaled $440.

Section § 605(e)(3)(B)(iii) of the Federal Communications Act of 1934, as amended, commands and authorizes a court to award a "prevailing aggrieved party" the costs and reasonable attorneys' fees which it incurred in prosecuting its claims to judgment. Counsel for Don King has submitted a statement setting forth the amount of time spent in investigating the claim, producing legal documents, and conducting research. It is asserted by counsel that a total of 12 hours were devoted to each case, at that the claimed

Civil No. 05-1178(JAG) Page -10-

rate of $200 per hour is reasonable. Considering counsel's professional experience and the amount of work performed, we concur. As previously noted, Don King's motion asks for attorney's fees in the amount of $2,400, per set of defendants.

Having reviewed the affidavits and the pleadings filed, the undersigned finds that the amount requested represents a reasonable fee. It is therefore **RECOMMENDED** that attorneys' fees be awarded in the sum of $2,400 as to each set of defendants for a total of $14,400 in attorney fees.

Counsel for Don King also provided documents as to costs incurred for each case. This included investigative fees of $200 per case, the $150 for filing fee, and service fees of $90 for each case for a total of $440 in costs for each case. It must be noted, however, that Don King may recover the $150 only once; as the filing fee is paid only once. It may not recover the filing fee for each set of defendants. Accordingly, it is **RECOMMENDED** that Don King be awarded a prorated filing fee amount of $18.75 per each set of defendants[2]; and $290 in other costs per case for each of the six set of defendants for a total of $1,852.50 ($290 x 6 cases = $1,740, plus prorated filing fee of $18.75 x 6 cases = $112.50). This totals $308.75 per each case.

**IV.  Conclusion**

**IT IS THEREFORE RECOMMENDED** as follows:

a.  That the Motion for Default Judgment (**Docket No. 5**7) be **GRANTED** and that **default judgment be entered** as to defendants Galloway's Bar & Restaurant,

---

[2] Don King also seeks default judgment against two other sets of defendants. Accordingly, the filing fee of $150 is divided among the eight sets of defendants ($150.00 divided by 8 equals $18.75 per each set of defendants) for a filing amount of $18.75 per each set. Don King is forewarned that future requests for filing fee recovery will not be considered from other defendants.

      Gladys Carlo, individually, and the Conjugal Partnership of Doe-Carlo; Restaurante Brisas del Mar, Héctor Torres, individually, and the Conjugal Partnership of Torres-Doe; El Bambuco a/k/a Colmado El Bambuco, Jossie Pérez-Pérez, individually, and the Conjugal Partnership of Doe-Pérez-Pérez; Vitrina del Mar a/k/a El Mamellitos Place, Omar Pérez-Rivera, individually, and the Conjugal Partnership of Pérez-Doe; Raizzette's Café a/k/a Raíces Café, Blanca Sepúlveda, individually, and the Conjugal Partnership of Doe-Sepúlveda; and El Caterpilar, Julio Rodríguez, individually, and the Conjugal Partnership of Rodríguez-Doe;

    b.    That judgment be entered against the defendants **Galloway's Bar & Restaurant**, Gladys Carlo, individually, and the Conjugal Partnership of Doe-Carlo, jointly and severally, in the amount of $50,000; **Restaurante Brisas del Mar**, Héctor Torres, individually, and the Conjugal Partnership of Torres-Doe, jointly and severally, in the amount of $50,000; **El Bambuco a/k/a Colmado El Bambuco**, Jossie Pérez-Pérez, individually, and the Conjugal Partnership of Doe-Pérez-Pérez, jointly and severally, in the amount of $50,000; **Vitrina del Mar a/k/a El Mamellitos Place**, Omar Pérez-Rivera, individually, and the Conjugal Partnership of Pérez-Doe, jointly and severally, in the amount of $50,000; **Raizzette's Café a/k/a Raíces Café**, Blanca Sepúlveda, individually, and the Conjugal Partnership of Doe-Sepúlveda, jointly and severally, in the amount of $50,000; and **El Caterpilar**, Julio Rodríguez, individually, and the Conjugal Partnership of Rodríguez-Doe, jointly and severally, in the amount of **$50,000**.

    c.    That Don King Productions, Inc. be awarded **attorneys' fees totaling $14,400** and **costs totaling $1,852.50**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986*); Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District

Civil No. 05-1178(JAG) Page -12-

Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**IT IS SO RECOMMENDED**.

At San Juan, Puerto Rico, on this 15th day of December, 2005.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**