**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **DON KING PRODUCTIONS, INC.,**<br>    **Plaintiff**<br><br>    **v.**<br><br>**EL IMAN DE TONY, et al.,**<br>    **Defendants** | **Civil No. 05-1178(JAG)** |

**MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION
FOR ENTRY OF DEFAULT JUDGMENT**

**I.    Procedural Background**

The Court referred the pending Motions for Default Judgment as to defendants "Benitos", Benito Rivera and the Conjugal Partnership of Rivera-Doe, and as to defendants "Terraza Acosta", Carlos Acosta, and the Conjugal Partnership of Acosta-Doe. *See Docket Nos. 22, 37, 38, 39.*

The record reflects that following the filing of a motion requesting entry of default, the Clerk of Court docketed Entries of Default on June 14, 2005 and August 11, 2005, as to "Benitos", Benito Rivera, the Conjugal Partnership of Rivera-Doe, and "Terraza Acosta", Carlos Acosta, and the Conjugal Partnership of Acosta-Doe. (**Docket Nos. 7, 11, 15, 13, 17, 18, 23**). Thereafter, Don King Productions, Inc. (hereafter "Don King") filed motions for Default Judgment (**Docket Nos. 22, 37).**

Don King requests that judgment be entered and the defendants, jointly and severally, pay the amount of $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and that said amount be increased pursuant to § 605(e)(3)(C)(ii) to $50,000 or in an amount in the Court's discretion for willful and commercial advantage or private gain. Plaintiff also seeks attorney's fees and costs.

Civil No. 05-1178(JAG)                                                                                               Page -2-

## II.    Factual Background

The Complaint alleges violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 (**Docket Nos. 1, 19**).  Don King was the producer and copyright holder of a closed circuit telecast on April 17 and 18, 2004, of a championship boxing match between **Chris Byrd versus Andrew Golota**, including undercard or preliminary bouts. The complaint alleges that the named defendants violated said Act when on April 17 and 18, 2004, they exhibited closed-circuit broadcast boxing matches that were not intended for the use and view of the general public, and that the defendants were not authorized to exhibit the same. The Complaint alleges that the defendants misappropriated Don King's licensed exhibition of the boxing matches and infringed upon its rights while avoiding proper payment to it.  It is also alleged that the defendants' purpose and express intent and willfulness in committing said actions was to secure a financial gain and commercial advantage.

## III.   Analysis

### A.    Default Judgments

Fed.R.Civ.P. 55 governs the entry of default judgments in federal court. *See* Fed.R.Civ.P. 55.  Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor.  First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the Clerk of Court enter default on the docket. Fed.R.Civ.P. 55(a).  Second, following an entry of default by the Clerk, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2).

Fed.R.Civ.P. 55(a) authorizes a court to enter a default judgment against a party who has "failed to plead or otherwise defend" an action.  Default judgment may be entered by the Clerk "when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or

Civil No. 05-1178(JAG) Page -3-

incompetent person." Fed.R.Civ.P. 55(b)(1). In all other cases the Court can enter judgment by default when the party entitled to a judgment by default applies for such remedy to the Court. Fed.R.Civ.P. 55(b)(2). Rule 55 also provides that " in order to enable the court to enter judgment or to carry it into effect, it is necessary to consider or to determine the amount of damages or to establish the truth of any averment by evidence, or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States." *Id.*

Don King Productions, Inc. complied with the requisites of Rule 55 in that it first sought entry of default, and now requests default judgment and damages. Having reviewed the record, the undersigned determines that default judgment is appropriate and **RECOMMENDS**, as requested by Don King; the entry of Default Judgment as to the following defendants: "**Benitos", Benito Rivera, and the Conjugal Partnership of Benito Rivera and Jane Doe; and "Terraza Acosta", Carlos Acosta, and the Conjugal Partnership of Carlos Acosta and Jane Doe.**

B.    **47 U.S.C. § 605**

In conjunction with the motion for entry of default judgment Don King seeks damages pursuant to 47 U.S.C. § 605 of the Federal Communications Act of 1934, as amended. An evidentiary hearing was held on October 11, 2005. At that time Don King relied upon the documentary evidence provided to the Court and attached as exhibits in its motions. Don King alleges that the defaulted defendants, without authorization, exhibited a boxing event in their commercial establishments. Section 605 of the Act provides for civil penalties for the unauthorized publication or use of communications. In addition to statutory civil damages, § 605 also provides for the award of reasonable attorneys fees. More particularly, the statute sets forth that

> (B) The court . . . (ii) may award damages as described in subparagraph (C); and (iii) shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails.
> (C)(i) Damages awarded by any court under this section shall be computed, at the

Civil No. 05-1178(JAG) Page -4-

<u>election</u> <u>of the aggrieved party</u>, in accordance with <u>either</u> of the following subclauses;
(I) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or (II) the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.
(ii) In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.
(iii) In any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of this section, the court in its discretion may reduce the award of damages to a sum of not less than $250.

47 U.S.C. § 607.

**C.    Evidence on Record**

"A party who defaults is taken to have conceded the truth of the factual allegations in the complaint". *Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n. 3 (1st Cir. 1999), and the default of a defendant constitutes an admission of all facts well-pleaded in the complaint. *Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc. (In re The Home Restaurants, Inc.),* 285 F.3d 111, 114 (1st Cir. 2002).  The record reflects that Don King submitted evidence in support of the fact that on April 17 and 18, 2004, "Benitos", without authorization, displayed the **Byrd vs. Golota** boxing match.  The display was intended to promote financial gain by enhanced patrons participation. Evidence gathered by plaintiff's investigator, reveals that the commercial establishment contained one television screen,

Civil No. 05-1178(JAG) Page -5-

and at the time the boxing match was being presented 22 persons were inside the establishment) (**Docket No. 22** aff.). "Benitos" did not have a license to show the fight in the manner it did.

The record further reflects that Don King submitted evidence in support of the fact that on April 17 and 18, 2004, "Terraza Acosta", without authorization, displayed the **Chris Byrd vs. Andrew Golota** boxing match. Again, the display was intended to promote financial gain by enhanced patrons participation. Evidence gathered by plaintiff's investigator, reveals that the commercial establishment contained one television screen, and at the time the boxing match was being presented 10 persons were inside the establishment) (**Docket No. 37** aff.). "Terraza Acosta" did not have a license to show the fight in the manner it did.

### D.     Damages

Don King seeks to recover statutory damages against each defendant under 47 U.S.C. §§ 605(e)(3)(C). The statute provides that for "each violation" of 47 U.S.C. §§ 605(a), a court may award the aggrieved party a statutory damage award of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. §§ 605(e)(3)(C)(i)(II). Don King seeks the maximum statutory damages of $10,000, based upon the defendants' unauthorized exhibition of the boxing event to their patrons.

Having examined the pleadings and affidavits on record, evidence which remains unrebutted, it is determined that the plaintiff provided justification for an award of the maximum statutory amount of $10,000, per violation. Therefore, it is **RECOMMENDED** that Don King be awarded $10,000 in statutory damages.

Civil No. 05-1178(JAG)                                                                                              Page -6-

Don King also seeks damages contending that the violation of the defendants was "willful". It must be considered that section 605(e)(3)(C)(ii) provides that a court may increase statutory damages by an amount of not less than $10,000 or not more than $100,000 for each violation, if the violation was committed willfully and for purpose of direct or indirect commercial advantage or private financial gain. Don King asserts that the court may infer willfulness from defendant's failure to defend itself. *Century ML-Cable Corp. v. Díaz*, 39 F.Supp.2d 121 (D.P.R. 1999). Don King also requests the Court to impose damages under this section. Plaintiff's motion is somewhat confusing because in one portion of the motion plaintiff appears to ask for $40,000 on damages for a willful violation (i.e. that the statutory amount of $10,000 "be increased . . . to $50,000") (**Docket No. 22**, p. 2, **Docket No. 37**, p. 2). Don King then goes on to ask for a total amount of $110,000 to be awarded[1] jointly and severally against the defendants. The $110,000 amount includes amounts for attorneys' fees and costs. In seeking "willful" damages Don King refers the Court to the number of patrons in the business establishment, the number of televisions or screens in the establishment and the fact that the defendants did not have a license to show the fight in the manner they did. Don King requests judgment be entered against the defaulted defendants jointly and severally.

Don King has provided evidence to support its assertion that the violation was willfully committed, justifying thus, a claim of willful damages. The affidavits refer to the number of televisions in the commercial establishment and the number of patrons inside

---

[1] Were the amount of statutory damages to be increased from $10,000 to $50,000, the total amount claimed would amount to $50,000 as to each set of defendants. The $110,000 amount sought includes as to each set of defendants a request for attorney's fees in the amount of $2,200 and costs and filing fees totaling $440.

Civil No. 05-1178(JAG) Page -7-

the establishment at the time that the plaintiff's investigator was present. More so, it remains an uncontested fact that the defendants did not obtain a license to show the fight or boxing match in their business establishment. As discussed above, the statute provides for statutory damages for each violation. The undersigned determines that "each violation" does not equate "each defendant", but rather refers to the unauthorized broadcast and violation in each establishment.

Therefore, it is **RECOMMENDED** that Don King Productions, Inc.'s, request for damages be **GRANTED** and that the defendants, "Benitos", Benito Rivera, and the Conjugal Partnership of Benito Rivera and Jane Doe jointly and severally, pay $10,000 in statutory damages and $40,000 in damages for said violation being one "willful and geared to obtain private gain".

**IT IS FURTHER RECOMMENDED** that the defendants, "Terraza Acosta", Carlos Acosta, and the Conjugal Partnership of Carlos Acosta and Jane Doe jointly and severally, pay $10,000 in statutory damages and $40,000 in damages for said violation being one "willful and geared to obtain private gain".

**E.   Attorneys' Fees**

Don King also seeks attorneys' fees and costs. In support, Don King provided an affidavit, and it certified that the total legal fees incurred in connection with each set of defendants amounts to $2,200. It also certified that the cost incurred as to each set of defendants totaled $440.

Section § 605(e)(3)(B)(iii) of the Federal Communications Act of 1934, as amended, commands and authorizes a court to award a "prevailing aggrieved party" the costs and

Civil No. 05-1178(JAG) Page -8-

reasonable attorneys' fees which it incurred in prosecuting its claims to judgment. Counsel for Don King has submitted a statement setting forth the amount of time spent in investigating the claim, producing legal documents, and conducting research. It is asserted by counsel that a total of 11 hours were devoted to each case, at that the claimed rate of $200 per hour is reasonable. Considering counsel's professional experience and the amount of work performed, we concur. As previously noted, Don King's motion asks for attorney's fees in the amount of $2,200.

Having reviewed the affidavits and the pleadings filed, the undersigned finds that the amount requested represents a reasonable fee. It is therefore **RECOMMENDED** that attorneys' fees be awarded in the sum of $2,200 as to each set of defendants for a total of $4,400 in attorney fees.

Counsel for Don King also provided documents as to costs incurred for each case. This included investigative fees of $200 per case, the $150 for filing fee, and service fees of $90 for each case for a total of $440 in costs for each case. It must be noted, however, that Don King may recover the $150 only once; as the filing fee is paid only once. It may not recover the filing fee for each set of defendants. Accordingly, it is **RECOMMENDED** that Don King be awarded a prorated filing fee amount of $18.75 per each set of defendants[2]; and $290 in other costs per case for the following set of defendants:

---

[2] Don King also seeks default judgment against six other sets of defendants. Accordingly, the filing fee of $150 is divided among the eight sets of defendants ($150.00 divided by 8 equals $18.75 per each set of defendants) for a filing amount of $18.75 per each set. Don King is forewarned that future requests for filing fee recovery will not be considered from other defendants.

Civil No. 05-1178(JAG)                                                                                               Page -9-

"Benitos" and "Terraza Acosta" for a total of $617.50 ($290 x 2 cases = $580, plus prorated filing fee of $18.75 x 2 = $37.50).  This totals $308.75 per each case.

## IV.   Conclusion

**IT IS THEREFORE RECOMMENDED** as follows:

a.  That the Motions for Default Judgment (**Docket Nos. 22, 37**) be **GRANTED** and that default judgment be entered as to defendants "Benitos", Benito Rivera, and the Conjugal Partnership of Benito Rivera and Jane Doe; and "Terraza Acosta", Carlos Acosta, and the Conjugal Partnership of Carlos Acosta and Jane Doe;

b.  That judgment be entered against the defendants "Benitos", Benito Rivera, and the Conjugal Partnership of Benito Rivera and Jane Doe, jointly and severally in the amount of $50,000; and against defendants "Terraza Acosta", Carlos Acosta, and the Conjugal Partnership of Carlos Acosta and Jane Doe, jointly and severally in the amount of $50,000;

c.  That Don King Productions, Inc. be awarded attorneys' fees totaling $4,400 and costs totaling $617.50.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order.  *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986*); Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not

Civil No. 05-1178(JAG) <span style="float:right">Page -10-</span>

permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**IT IS SO RECOMMENDED**.

At San Juan, Puerto Rico, on this 15th day of December, 2005.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**
