1
2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

3   DON KING PRODUCTIONS, INC.

4        Plaintiff

5        v.                                                    **CIVIL  NO.** 05-1178 (JAG)

6   EL IMAN DE TONY, et al.

7        Defendants

8

9                              **REPORT AND RECOMMENDATION**

10        In the instant case, plaintiff claims that various defendants exhibited his copyrighted boxing

11   matches without the proper authorizations in violation of 47 U.S.C. § 605(E)(3)(c)(i)(II), §

12   605(e)(3)(C)(ii)[1] and § 605(e)(3)(B)(iii). Default was entered against codefendants Colmado Matos,

13   Dimas Matos, Héctor Matos and their conjugal partnership on April 6, 2006.

14        After default was entered, plaintiff moved for judgment by default. Subsequently, the Court

15   referred the matter to this Magistrate-Judge.  For each establishment and set of defendants related

16   to said establishment, plaintiff filed an affidavit of an auditor who visited the place of business. The

17   affidavits, *inter alia*, detail the number of patrons counted, the number of televisions and which part

18   of the copyrighted transmission was being exhibited. Plaintiff also included a detailed declaration

19   under penalty of perjury by his attorneys that attested to the need for service of summons, the

20   expenses incurred and the time invested in each case. Finally, plaintiff included a detail of the cost

21   of the summons for each defendant. After examining plaintiff's request for judgment by default, its

22   accompanying documents and the complaint, the Court is ready to render its judgment.

23        Inasmuch as the aforementioned defendants are in default, this " . . . constitutes an admission

24   of all facts well-pleaded in the complaint." *Metropolitan Life Ins. Co. v. Colón Rivera*, 204

25   F.Supp.2d 273, 274-275 (D.P.R. 2002); *Banco Bilbao Vizcaya Argentiara v. Family Restaurants,*

26   *Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) and *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir.

27

[1]Plaintiff requested statutory damages in its complaint.

**CIVIL NO. 05-1178 (JAG)**                           2

1999). At that point, the only issue remaining for consideration is the amount of damages. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 444 (1983) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319 (7th Cir.1983) and *Quirindongo Pacheco v. Rolón Morales*, 953 F.2d 15, 16 (1st Cir.1992). Moreover, "once the entry of a default establishes the fact of damage, the trial judge ... has considerable latitude in determining the amount of damages." See, *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir.1993) and *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1015-1016 (7th Cir.1991).

Pursuant to 47 U.S.C. § 605(E)(3)(c)(i)(II), the maximum amount for statutory damages is $10,000. Plaintiff is also seeking reasonable attorneys' fees pursuant to § 605(e)(3)(B)(iii). Plaintiff's attorneys are John E. Mudd and Glenn James. Mr. Mudd has more than twenty years experience in federal litigation and Mr. James has over ten. Therefore, an hourly fee of $    is not unreasonable and said hourly fee is recommended. See, *Greendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950-951 (1st Cir. 1984); *Blum v. Stenson*, 465 U.S. 886, 895 (1984) and *Mountain Cable Company v. Choquette*, 53 F.Supp.2d 107, 114-115 (D. Mass. 1999).

Given the above, the following recommendations as to monetary judgments are made:

That codefendants Colmado Matos, Dimas Matos, Héctor Matos and their conjugal partnership on April 6, 2006 be ordered to each pay plaintiff, as stated before, the amount of $1,500.00 for statutory damages, plus jointly and severally $500.00 in attorneys' fees, and $150.00 for costs.

Under the provisions of 28 U.S.C. § 636(b)(1)(B) and (c) and Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation.   The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.   Failure to comply with this rule precludes further appellate review.   See Thomas v. Arn, 474 U.S. 140, 155

1 **CIVIL NO. 05-1178 (JAG)**                         3

2 (1985), <u>reh'g denied</u>, 474 U.S. 1111(1986); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992).

3        **SO RECOMMENDED.**

4        In San Juan, Puerto Rico this 3rd day of May, 2006.

5

6

7                                                  *S/ Gustavo A. Gelpi*
                                                **GUSTAVO A. GELPI**
8                                            United States Magistrate-Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27