# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.

    Plaintiff

    v.                                          CIVIL NO. 05-1178 (JAG)

EL IMAN DE TONY, et al.

    Defendant

## REPORT AND RECOMMENDATION

In the instant case, plaintiff claims that various defendants exhibited his copyrighted boxing matches without the proper authorizations in violation of 47 U.S.C. § 605(E)(3)(c)(i)(II), § 605(e)(3)(C)(ii)[1] and § 605(e)(3)(B)(iii). Default was entered against codefendants Stacey Ortiz, Luis Mejías, their respective conjugal partnerships, and Chico Man's Pub on January 13, 2006. Default was entered against codefendants Brother's Café c/p Rosado-Doe1, c/p Rosado-Doe2, Rosado, Harold, Rosado, Raúl, c/p Rosado-Ortiz on August 31, 2005.

After default was entered, plaintiff moved for judgment by default. Subsequently, the Court referred the matter to this Magistrate-Judge. For each establishment and set of defendants related to said establishment, plaintiff filed an affidavit of an auditor who visited the place of business. The affidavits, *inter alia*, detail the number of patrons counted, the number of televisions and which part of the copyrighted transmission was being exhibited. Plaintiff also included a detailed declaration under penalty of perjury by his attorneys that attested to the need for service of summons, the expenses incurred and the time invested in each case. Finally, plaintiff included a detail of the cost of the summons for each defendant. After examining plaintiff's request for judgment by default, its accompanying documents and the complaint, the Court is ready to render its judgment.

Inasmuch as the aforementioned defendants are in default, this "... constitutes an admission of all facts well-pleaded in the complaint." *Metropolitan Life Ins. Co. v. Colón Rivera*, 204

---

[1] Plaintiff requested statutory damages in its complaint.

**CIVIL NO. 05-1178 (JAG)**                           2

F.Supp.2d 273, 274-275 (D.P.R. 2002); *Banco Bilbao Vizcaya Argentiara v. Family Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) and *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999). At that point, the only issue remaining for consideration is the amount of damages. Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 444 (1983) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105 (1885)); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319 (7th Cir.1983) and *Quirindongo Pacheco v. Rolón Morales*, 953 F.2d 15, 16 (1st Cir.1992). Moreover, "once the entry of a default establishes the fact of damage, the trial judge ... has considerable latitude in determining the amount of damages." See, *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir.1993) and *Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1015-1016 (7th Cir.1991).

Pursuant to 47 U.S.C. § 605(E)(3)(c)(i)(II), the maximum amount for statutory damages is $10,000. Plaintiff is also seeking reasonable attorneys' fees pursuant to § 605(e)(3)(B)(iii). Plaintiff's attorneys are John E. Mudd and Glenn James. Mr. Mudd has more than twenty years experience in federal litigation and Mr. James has over ten.

Given the above, the following recommendations as to monetary judgments are made:

That codefendants Stacey Ortiz, Luis Mejías, their respective conjugal partnerships, and Chico Man's Pub be ordered to each pay plaintiff, as stated before, the amount of $1,500.00 for statutory damages, plus jointly and severally $500.00 in attorneys' fees, and $150.00 for costs.

That codefendants Brother's Café c/p Rosado-Doe1, c/p Rosado-Doe2, Rosado, Harold, Rosado, Raúl, c/p Rosado-Ortiz each be ordered to pay plaintiff, as stated before, the amount of $1,500.00 for statutory damages, plus jointly and severally $500.00 in attorneys' fees, and $150.00 for costs.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of the Court. Any objections to the same must be specific and must be filed with the Clerk of the Court **within ten (10) days** of notice. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation waives

**CIVIL NO. 05-1178 (JAG)** 3

the right to review by the District Court, and waives the right to appeal the District Court's order. *U.S. v. Vlenlencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980). The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Court does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge. *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

In San Juan, Puerto Rico, this 9th day of June, 2006.

*S/ Gustavo A. Gelpi*
**GUSTAVO A. GELPI**
United States Magistrate-Judge